UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON TORRES, | 1:06-cv-00102 OWW LJO |
| Plaintiffs, | SCHEDULING CONFERENCE ORDER |
| v. | Discovery Cut-Off: 6/1/07 |
| COUNTY OF KINGS, CALIFORNIA, ALAN McCLAIN, SHERIFF, COUNTY OF KINGS, CALIFORNIA and WARREN PARKER, | Non-Dispositive Motion Filing Deadline: 6/15/07 |
| | Dispositive Motion Filing Deadline: 6/29/07 |
| Defendants. | Settlement Conference Date: 6/12/07 9:00 Ctrm. 8 |
| | Pre-Trial Conference Date: 9/17/07 11:00 Ctrm. 3 |
| | Trial Date: 11/6/07 9:00 Ctrm. 3 (JT-5 days) |

I.   Date of Scheduling Conference.

   June 28, 2006.

II.   Appearances Of Counsel.

   William A. Romaine, Esq., appeared on behalf of Plaintiff.

   Weakley, Ratliff, Arendt & McGuire, LLP by James J. Arendt, Esq., appeared on behalf of Defendants.

III.   Summary of Pleadings.

   1.   Plaintiff Jason Torres contends the following:

1

    2.    On May 17, 2004, Plaintiff was a minor in residence at 401 East Fresno Street, Avenal, California.  He was physically removed from his residence and thereafter instructed by Kings County Sheriff's officers that he could not enter his residence because they were attempting to serve a warrant on the residence. Plaintiff understood that this order was an unlawful order and that he could remain in the residence without interfering in any manner with any lawful operations then and there being conducted by law enforcement officers.  After being removed physically, Plaintiff obeyed the officers and did not return to the residence, but he expressed very clearly that he did not agree with the officer's conduct and expressed his concern that this conduct was unlawful.  Kings County Sheriff's Deputy Parker then arrested Plaintiff and took him into custody for violation of California Penal Code Section 148 which criminalizes resisting or obstructing officers in the discharge of a lawful duty.  This arrest by Kings County Sheriff's Deputy Parker, under color of California law, was the result of a custom, policy, and/or practice of Kings County Sheriff's Department to arrest individuals who do not obey orders of the Kings County Sheriff's Department, whether or not such orders are lawful.  In addition, Kings County Deputy parker made the decision to arrest Plaintiff because of Plaintiff's expression of his beliefs that law enforcement was then and there engaged in unlawful conduct.

    3.    Plaintiff was not guilty of violating Penal Code § 148 because the order given to Plaintiff was not a lawful order, nor did Plaintiff's entry into his own residence interfere in any manner with any lawful operation then and there being conducted

1  by the Kings County Sheriff's Department, or any other law
2  enforcement agency.
3       4.   Defendants contend that on Monday, May 17, 2004, at
4  approximately 2:40 p.m., law enforcement officers responded to
5  401 E. Fresno Street, Avenal, in an attempt to locate a fleeing
6  parolee.  During the search of the house, officers ordered
7  Plaintiff Torres, on three separate occasions, to wait outside
8  the house.  Plaintiff Torres was 17 years of age at the time.
9  Plaintiff Torres refused the officers' commands.  For his own
10 safety, Plaintiff Torres was physically removed from the
11 residence by Defendant Parker.  Plaintiff Torres became verbally
12 abusive but remained outside.
13      5.   Plaintiff Torres was subsequently arrested on three
14 counts of resisting or obstructing a peace officer in the course
15 of their duties (Penal Code § 148(a)(1)) and booked into Kings
16 County Juvenile Hall.
17      6.   Probable cause to arrest a person exists when, under
18 the totality of the circumstances known to the arresting officer,
19 a prudent person would have concluded that there was a fair
20 probability that the individual had committed a crime.  *Barlow v.*
21 *Ground*, 943 F.2d 1132, 1135 (9th Cir. 1991).
22      7.   Defendants contend that there was sufficient probable
23 cause to arrest Plaintiff for interfering and obstructing a peace
24 officer in the course of his or her duties.
25 IV.  Orders Re Amendments To Pleadings.
26      1.   The parties do not anticipate filing any amendments to
27 the pleadings at this time.
28      2.   The parties agree that Alan McClain, Sheriff of

3

the County of Kings, was not the duly appointed and acting Sheriff at the time of the incidents in this case and, accordingly, agree that Alan McClain shall be dismissed from this action as a Defendant, without prejudice.

V.   Factual Summary.

    A.   Admitted Facts Which Are Deemed Proven Without Further Proceedings.

        1.   On May 17, 2004, law enforcement officers were searching for a wanted parolee at 401 East Fresno Street, Avenal.

        2.   Plaintiff Torres was present during all or a portion of the search.

        3.   Plaintiff Torres was arrested on three counts of violations of Penal Code § 148(a)(1).

        4.   Plaintiff Torres was a juvenile at the time of this incident.

        5.   Defendant Parker, at all times relevant, was a deputy sheriff employed by the Kings County Sheriff's Department and acting under color of law.

    B.   Contested Facts.

        1.   All remaining facts are contested.

VI.   Legal Issues.

    A.   Uncontested.

        1.   Jurisdiction exists under 28 U.S.C. § 1331 and 42 U.S.C. § 1983 et seq.

        2.   Venue is proper under 28 U.S.C. § 1391(b).

    B.   Contested.

        1.   Whether the conduct of any Defendant violated Plaintiff's Fourth Amendment rights under the U.S. Constitution.

4

2. Whether or not any Defendant is entitled to good faith qualified immunity.

3. Whether any Defendant unlawfully arrested Plaintiff Torres pursuant to an existing custom, policy or practice.

4. Whether Defendant Parker acted with bad faith, malice or ill-will.

5. The nature and extent of Plaintiff’s injury and damages of any, caused by any violation of his Constitutional rights by any Defendant.

VII. Consent to Magistrate Judge Jurisdiction.

1. The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

VIII. Corporate Identification Statement.

1. Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities. A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

IX. Discovery Plan and Cut-Off Date.

1. The parties are ordered to complete all discovery on or before June 1, 2007.

2. The parties are directed to disclose all expert witnesses, in writing, on or before April 13, 2007. Any supplemental expert disclosures will be made on or before May 14, 2007. The parties will comply with the provisions of Federal

Rule of Civil Procedure 26(a)(2) regarding their expert designations.  Local Rule 16-240(a) notwithstanding, the written designation of experts shall be made pursuant to F. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder.  Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

3. The provisions of F. R. Civ. P. 26(b)(4) shall apply to all discovery relating to experts and their opinions. Experts may be fully prepared to be examined on all subjects and opinions included in the designation.  Failure to comply will result in the imposition of sanctions.

X. Pre-Trial Motion Schedule.

1. All Non-Dispositive Pre-Trial Motions, including any discovery motions, will be filed on or before June 15, 2007, and heard on July 20, 2007, at 9:00 a.m. before Magistrate Judge Lawrence J. O'Neill in Courtroom 8.

2. In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 142(d).  However, if counsel does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

3. All Dispositive Pre-Trial Motions are to be filed no later than June 29, 2007, and will be heard on August 6, 2007, at 10:00 a.m. before the Honorable Oliver W. Wanger, United States District Judge, in Courtroom 3, 7th Floor.  In scheduling such motions, counsel shall comply with Local Rule 230.

6

XI.  Pre-Trial Conference Date.

    1.  September 17, 2007, at 11:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2.  The parties are ordered to file a Joint Pre-Trial Statement pursuant to Local Rule 281(a)(2).

    3.  Counsel's attention is directed to Rules 281 and 282 of the Local Rules of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference.  The Court will insist upon strict compliance with those rules.

XII. Trial Date.

    1.  November 6, 2007, at the hour of 9:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2.  This is a jury trial.

    3.  Counsels' Estimate Of Trial Time:

        a.  5 days.

    4.  Counsels' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

XIII.   Settlement Conference.

    1.  A Settlement Conference is scheduled for June 12, 2007, at 9:00 a.m. in Courtroom 8 before the Honorable Lawrence J. O'Neill, United States Magistrate Judge.

    2.  Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference with the parties and the person or persons having full authority to negotiate and settle the case on any

1  terms at the conference.
2      3.   Permission for a party [not attorney] to attend
3  by telephone may be granted upon request, by letter, with a copy
4  to the other parties, if the party [not attorney] lives and works
5  outside the Eastern District of California, and attendance in
6  person would constitute a hardship.  If telephone attendance is
7  allowed, the party must be immediately available throughout the
8  conference until excused regardless of time zone differences.
9  Any other special arrangements desired in cases where settlement
10 authority rests with a governing body, shall also be proposed in
11 advance by letter copied to all other parties.
12     4.   Confidential Settlement Conference Statement.
13 At least five (5) days prior to the Settlement Conference the
14 parties shall submit, directly to the Magistrate Judge's
15 chambers, a confidential settlement conference statement.  The
16 statement should not be filed with the Clerk of the Court nor
17 served on any other party.  Each statement shall be clearly
18 marked "confidential" with the date and time of the Settlement
19 Conference indicated prominently thereon.  Counsel are urged to
20 request the return of their statements if settlement is not
21 achieved and if such a request is not made the Court will dispose
22 of the statement.
23     5.   The Confidential Settlement Conference
24 Statement shall include the following:
25          a.   A brief statement of the facts of the
26 case.
27          b.   A brief statement of the claims and
28 defenses, i.e., statutory or other grounds upon which the claims

8

are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

      c.   A summary of the proceedings to date.

      d.   An estimate of the cost and time to be expended for further discovery, pre-trial and trial.

      e.   The relief sought.

      f.   The parties' position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

XIV. Request For Bifurcation, Appointment Of Special Master, Or Other Techniques To Shorten Trial.

    1.   The parties agree that the subject of punitive damages, as to amount, if any, shall be tried in a second phase after any finding of liability and entitlement to punitive damages and compensatory damages.  The trial shall be continuous before the same jury.  The parties also agree that the issue of *Monell* liability shall be bifurcated.  The first phase of the case shall address liability issues of the Plaintiff as against all Defendants; the second phase shall address *Monell* issues; and the third phase shall address the amount, if any, of punitive damages, all before the same jury.

XV.   Related Matters Pending.

    1.   There are no related matters.

XVI. Compliance With Federal Procedure.

    1.   The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.  To aid the court in the

9

efficient administration of this case, all counsel are directed to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and keep abreast of any amendments thereto.

XVII.   Effect Of This Order.

    1. The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution. The trial date reserved is specifically reserved for this case. If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

    2. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

    3. Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   **June 28, 2006**           **/s/ Oliver W. Wanger**
emm0d6           UNITED STATES DISTRICT JUDGE