IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JASON TORRES,

      Plaintiff,                        CV F 06 0102 OWW WMW

  vs.                                 ORDER GRANTING MOTION TO COMPEL MENTAL EXAMINATION (DOC 12)

KINGS COUNTY, et al.,

      Defendants.

     Defendants have filed a motion to compel the mental examination of Plaintiff Jason Torres pursuant to Rule 35 of the Federal Rules of Civil Procedure. The matter was set for hearing on May 25, 2007. On May 23, 2007, a minute order was entered, finding the matter suitable for decision without oral argument, and taking the motion off calendar. Plaintiff has not opposed the motion.

     The is a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that he was falsely arrested by Defendant Kings County Sheriff's Deputy Parker in violation of the Fourth Amendment to the U.S. Constitution. Plaintiff also brings claims against Kings County pursuant to <u>Monell v. Dep't of Social Services</u>, 436 U.S. 658 (1978).

     The conduct at issue occurred on May 17, 2004. Law enforcement officers, including Defendant Parker, responded to Plaintiff's residence in an attempt to locate a fleeing parolee.

1  During the search of the house, officers ordered Plaintiff to wait outside the house.  Plaintiff
2  refused to voluntarily leave the house.  For the reasons of Plaintiff's safety, Defendant Parker
3  physically removed Plaintiff from the house and arrested him for a violation of California Penal
4  Code § 148, interfering or obstructing a peace officer in the performance of his duties.  Plaintiff
5  alleges that he suffered mental injuries as a result of his arrest.

6  Defendants bring this motion pursuant to Federal Rule of Civil Procedure 35(a), which
7  authorizes the court to order a party to submit to a mental examination by a suitably licensed or
8  certified examiner.  Such an order may be made on a showing of good cause.

9  Defendants correctly note that when a party asserting mental injury places that injury "in
10 controversy," "good cause" is provided for an examination to determine the existence and extent
11 of the mental injury.
12 Schlagenhauf v. Holder, 379 U.S. 104, 118-119 (1964). "[T]here are situations where the
13 pleadings alone are sufficient to meet these requirements. A plaintiff in a negligence action who
14 asserts mental or physical injury . . . , places that mental or physical injury clearly in controversy
15 and
16 provides the defendant with good cause for the examination to determine the existence and
17 extent of such asserted injury." Id.

18 **In paragraphs seven through nine of the compliant, Plaintiff indicates that he**
19 **"suffered damage to his person, emotions and well-being. . . " such that "he will be**
20 **required to incur expenses for professional assistance to protect his legal rights and/or to**
21 **recover his state of mind existing prior to said actions by Warren Parker. . . "  Plaintiff**
22 **avers that he has suffered humiliation, pain, emotional distress, loss of self esteem, and that**
23 **Defendants' conduct was engaged in for the specific purpose of causing Plaintiff to "suffer**
24 **harm to his person or emotions." Compl., ¶¶ 7-9.**
25 Defendants attach as an exhibit to their motion a copy of set one of interrogatories
26

2

1  **propounded upon Plaintiff.  In interrogatory number 4, Plaintiff is requested to describe**
2  **his physical and emotional injuries in detail.  Plaintiff indicates that "at the time of the**
3  **incident, I was scared.  Since then, I am emotionally messed up and I am very nervous.  I**
4  **have a hard time sleeping at night due to flash back of subject incident."   Plaintiff further**
5  **indicates in his response to interrogatory number 8 that there are economic damages**
6  **flowing from his emotional distress.  There is no indication that Plaintiff suffered physical**
7  **injury, or is seeking damages for physical injury.**

8  **Rule 35(a) limits the examination to whatever limitation is "in controversy."**
9  **Though Schlagenhauf holds that Plaintiff puts his or her mental or physical condition "in**
10 **controversy" by claiming injury resulting from defendants' acts, courts disagree on**
11 **whether a plaintiff puts his or her condition in controversy merely by claiming damages for**
12 **emotional distress.  Jansen v. Packaging Corp. Of America, 158 F.R.D. 409, 410 (N.D. Il.**
13 **1994), holding that a claim of emotional distress as a component of damages is enough by**
14 **itself to put a plaintiff's mental condition "in controversy.  Most courts, however require**
15 **some additional element to place a plaintiff's condition in controversy.  See Turner v.**
16 **Imperial Stores, 161 F.R.D. 89, 92-97 (S.D. Cal. 1995), Bowen v. Parking Authority of City**
17 **of Camden 214 F.R.D. 188, 194 (D. N.J. 2003).  Under this view, a claim that is merely**
18 **incidental does not place a Plaintiff's condition in controversy.**

19 **Here, the claim for emotional injury is central to Plaintiff's case.  Plaintiff**
20 **specifically claims emotional distress, and his claim for economic damages flows from his**
21 **emotional injury.  Further, Plaintiff has not opposed this motion.  Defendants attach as an**
22 **exhibit the declaration of James Arendt, counsel for defendants.  Mr. Arendt details his**
23 **unsuccessful attempts attempts to contact counsel for Plaintiff regarding the scheduling of**
24 **a mental examination for Plaintiff.**

25 **In their motion, Defendants indicate that** with respect to the specifics of the

26

psychological examination, it would be conducted by Dr. Harold Seymour, a California licensed psychologist (#PSY10400) (Dr. Seymour's specialty is clinical and consulting psychology). The examinations would take place at Dr. Seymour's office at 5740 N. Palm, Suite 105, Fresno, at a time and date mutually agreed upon by the parties and Dr. Seymour.   Dr. Seymour would conduct a basis psycho-diagnostic interview and a Personal Assessment Inventory diagnostic test lasting approximately 3 hours. The scope of the testing would be limited to the nature and extent of any psychological injuries plaintiff is claiming as the result of the incident that is the subject of this litigation.  As noted, Plaintiff has been served with notice of this motion, including the above proposal, and has failed to oppose it.

Accordingly, IT IS HEREBY ORDERED that Defendants' motion to compel the mental examination of Plaintiff is granted.  The examination shall be conducted in accordance with this order.

IT IS SO ORDERED.

**Dated:   June 13, 2007**                    /s/  **William M. Wunderlich**
                                             UNITED STATES MAGISTRATE JUDGE